UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KYLE TRAPP, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-28 |
| | § | |
| TIER ONE SECURITY, | § | |
| INCORPORATED AND SHAWN | § | |
| FLUITT, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff Kyle Trapp, by and through his undersigned attorney of record, and sues Defendants Tier One Security, Incorporated and Shawn Fluitt, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

## I.   PRELIMINARY STATEMENT

1.1   Plaintiff worked for Defendants from February 1, 2012 through February 1, 2014 as a security guard.

1.2   Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3   During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Tier One Security, Incorporated and Shawn Fluitt because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas, and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Kyle Trapp is an individual residing in Bexar County, Texas.

**B.     Defendants**

3.2     Defendant Tier One Security, Incorporated is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Boerne, Texas.  Defendant Tier One Security, Incorporated can be served with process by serving its registered agent for service of process, Shawn Fluitt at 41109 IH-10, Suite C, Boerne, Texas 78006.

3.3.    Defendant Shawn Fluitt is an individual who resides in Kendall County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Tier One Security, Incorporated in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.  Defendant Shawn Fluitt was an employer of the

Plaintiff as defined by 29 U.S.C. §203(d).  Shawn Fluitt may be served with process at 41109 IH-10, Suite C, Boerne, Texas 78006.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Tier One Security, Incorporated had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants have employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Tier One Security, Incorporated has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide gate guards and security monitoring services to companies operating in the oil fields of Texas.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this

Complaint.  Specifically, Plaintiff was employed from February 1, 2012 through February 1, 2014.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.5     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.6     As the owner/director of Defendant Tier One Security, Incorporated, Shawn Fluitt independently exercised control over the work performed by Plaintiff.

5.7     Shawn Fluitt is responsible for running the day-to-day operations of Tier One Security, Incorporated.

5.8     Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the wages to be paid to Plaintiff.

5.9     Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.10    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the locations where Plaintiff would work.

5.11    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined Plaintiff's hours.

5.12    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined Plaintiff's conditions of employment.

5.13    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, maintained

employment records on Plaintiff.

5.14    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.15    During the period of time he performed work for Defendants, Plaintiff was misclassified as an independent contractor.

5.16    During this period of time, Plaintiff was a non-exempt employee under the FLSA.

5.17    Defendants used their misclassification of Plaintiff as an excuse to avoid paying Plaintiff overtime compensation and to avoid paying federal taxes on behalf of Plaintiff.

5.18    Defendants paid Plaintiff an hourly rate for all hours worked.

5.19    Plaintiff regularly worked in excess of forty hours per week.

5.20    Although Plaintiff regularly worked more than forty hours per week, Plaintiff was not paid overtime compensation for any of these hours.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Plaintiff is entitled to overtime pay for all hours worked over forty per work week.

6.3    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime pay for all hours worked over forty per week.

6.4    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.5    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime pay for all hours worked over forty in a workweek.

6.6     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct. Plaintiff is also entitled to extend the statute of limitations to three years as a result of this conduct.

6.7     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kyle Trapp respectfully prays that Defendants Tier One Security, Incorporated and Shawn Fluitt, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following, jointly and severally against Defendants:

a.  Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b.  Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

　/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF