UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KYLE TRAPP, MARTIN CANTU JR., MARTIN CANTU SR., ELOY CORDOBA, RAMIRO GARCIA, ALEXANDRO MARTINEZ, MARTIN MARTINEZ, RICARDO NEVEJAS, LIDIA SEGURA, AND JOSE SUAREZ, <br><br> PLAINTIFFS <br><br> v. <br><br> TIER ONE SECURITY, INCORPORATED AND SHAWN FLUITT, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § | CA NO. 5:16-cv-28-FB (JWP) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Kyle Trapp, Martin Cantu Jr., Martin Cantu Sr., Eloy Cordoba, Ramiro Garcia, Alexandro Martinez, Martin Martinez, Ricardo Nevejas, Lidia Segura, and Jose Suarez (Plaintiffs) by and through their undersigned attorney of record, and sue Defendants Tier One Security, Incorporated and Shawn Fluitt, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1     Plaintiff Kyle Trapp worked for Defendants from approximately February 1, 2012 through February 1, 2014 as a security guard.

1.2     Plaintiff Martin Cantu Jr. worked for Defendants from approximately March 1, 2014 through March 20, 2016 as a security guard.

1.3     Plaintiff Martin Cantu Sr. worked for Defendants, full time, from approximately January

6, 2014 through February 25, 2016 as a security guard.

1.4     Plaintiff Eloy Cordoba worked for Defendants, full time, from approximately March 15, 2013 through the present as a security guard.

1.5     Plaintiff Ramiro Garcia worked for Defendants, full time, from approximately March 1, 2012 through March 1, 2016 as a security guard.

1.6     Plaintiff Alexandro Martinez worked for Defendants from approximately November 1, 2014 through the present as a security guard.

1.7     Plaintiff Martin Martinez worked for Defendants, full time, from approximately April 1, 2012 through April 1, 2016 as a security guard.

1.8     Plaintiff Ricardo Nevejas worked for Defendants, full time, from approximately March 1, 2013 through March 1, 2016 as a security guard.

1.9     Plaintiff Lidia Segura worked for Defendants from approximately December 1, 2013 through December 1, 2015 as a security guard.

1.10    Plaintiff Jose Suarez worked for Defendants, full time, from approximately November 27, 2014 through March 16, 2016 as a security guard.

1.11     Plaintiffs bring this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.12    During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.   JURISDICTION AND VENUE

2.1	The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2	The Court has personal jurisdiction over Defendant Tier One Security, Incorporated and Shawn Fluitt because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas, and have committed actions in Texas that give rise to this cause of action.

2.3	Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.   PARTIES

**A.	Plaintiffs**

3.1	Plaintiff Kyle Trapp is an individual residing in Bexar County, Texas.

3.2	Plaintiff Martin Cantu Jr. is an individual residing in Maverick County, Texas.

3.3	Plaintiff Martin Cantu Sr. is an individual residing in Maverick County, Texas.

3.4	Plaintiff Eloy Cordoba is an individual residing in Maverick County, Texas.

3.5	Plaintiff Ramiro Garcia is an individual residing in Maverick County, Texas.

3.6	Plaintiff Alexandro Martinez is an individual residing in Maverick County, Texas.

3.7	Plaintiff Martin Martinez is an individual residing in Bexar County, Texas.

3.8	Plaintiff Ricardo Nevejas is an individual residing in Maverick County, Texas.

3.9	Plaintiff Lidia Segura is an individual residing in Maverick County, Texas.

3.10	Plaintiff Jose Suarez is an individual residing in Maverick County, Texas.

**B.     Defendants**

3.2     Defendant Tier One Security, Incorporated is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Boerne, Texas. Defendant Tier One Security, Incorporated has already made an appearance in this case.

3.3.     Defendant Shawn Fluitt is an individual who resides in Kendall County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Tier One Security, Incorporated in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work. Defendant Shawn Fluitt was an employer of the Plaintiff as defined by 29 U.S.C. §203(d). Shawn Fluitt has already made an appearance in this case.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Tier One Security, Incorporated had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants have employed "employees", including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Tier One Security, Incorporated has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide gate guards and security monitoring services to companies operating in the oil fields of Texas.

5.2     Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs during their employment with Defendants.

5.5     Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendants.

5.6     As the owner/director of Defendant Tier One Security, Incorporated, Shawn Fluitt independently exercised control over the work performed by Plaintiffs.

5.7     Shawn Fluitt is responsible for running the day-to-day operations of Tier One Security, Incorporated.

5.8     Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the wages to be paid to Plaintiffs.

5.9     Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the work to be performed by Plaintiffs and monitored and directed Plaintiffs' work on

a regular basis.

5.10    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined the locations where Plaintiffs would work.

5.11    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined Plaintiffs' hours.

5.12    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, determined Plaintiffs' conditions of employment.

5.13    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, maintained employment records on Plaintiffs.

5.14    Shawn Fluitt, acting directly in the interest of Tier One Security, Incorporated, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs.

5.15    During the period of time they performed work for Defendants, Plaintiffs were misclassified as independent contractors.

5.16    During this period of time, Plaintiffs were non-exempt employees under the FLSA.

5.17    Defendants used their misclassification of Plaintiffs as an excuse to avoid paying Plaintiffs overtime compensation and to avoid paying federal taxes on behalf of Plaintiffs.

5.18    Defendants paid Plaintiffs an hourly rate for all hours worked.

5.19    Plaintiffs regularly worked in excess of forty hours per week.

5.20    Although Plaintiffs regularly worked more than forty hours per week, Plaintiffs were not paid overtime compensation for any of these hours.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully

set forth herein.

6.2	Plaintiffs are entitled to overtime pay for all hours worked over forty per work week.

6.3	Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime pay for all hours worked over forty per week.

6.4	In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.5	No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs overtime pay for all hours worked over forty in a workweek.

6.6	Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct. Plaintiffs are also entitled to extend the statute of limitations to three years as a result of this conduct.

6.7	Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kyle Trapp Martin Cantu Jr., Martin Cantu Sr., Eloy Cordoba, Ramiro Garcia, Alexandro Martinez, Martin Martinez, Ricardo Nevejas, Lidia Segura, and Jose Suarez respectfully pray that Defendants Tier One Security, Incorporated and Shawn Fluitt, Individually, be cited to appear, and that, upon trial of this matter, Plaintiffs recover the following, jointly and severally against Defendants:

a. Actual damages for the full amount of Plaintiffs' unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that the foregoing First Amended Complaint has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on April 26, 2016.

/s/ Douglas B. Welmaker
Douglas B. Welmaker